SCHALL v. UNITED STATES.
No. 264, Docket No. 23043.

United States Court of Appeals,
Second Circuit.

Argued May 6, 1954.

Decided May 18, 1954.

952

Joseph H. Reingold, Buffalo, N. Y. (Dunn, Reingold & Bestry, Buffalo, N. Y., on the brief), for plaintiff-appellant.

R. Norman Kirchgraber, Asst. U. S. Atty. for Western Dist. of New York, Buffalo, N. Y. (John O. Henderson, U. S. Atty. for Western Dist. of New York, Buffalo, N. Y., on the brief), for defendant-appellee.

Before CLARK, FRANK, and MEDINA, Circuit Judges.

PER CURIAM.

In this case the judge's decision appears to be better than his supporting findings, perhaps because the latter may have been submitted by counsel. Plaintiff's claim of error is that the damages of $8,500 awarded for his injuries are inadequate on the findings. Before the accident here in question on January 9, 1952, for which the United States has been held responsible, plaintiff in August, 1951, was in an industrial accident, caused by the explosion of a fly wheel, which required operative treatment and extensive hospitalization; and after the accident in issue he was back in the hospital several times, undergoing, *inter alia*, one operation for the removal of his appendix and one for the removal of his gall bladder. The extent of responsibility to be attributed to each accident for his extensive hospitalization, medical bills, and loss of work therefore presented a difficult question for the trier of facts. In his memorandum of decision the trial judge held that the original injuries "were aggravated" by the later injuries, but "The exact extent of the aggravation cannot be determined." He went on to say, "Plaintiff has incurred expenses of $2,969.86 since January 9, 1952." But in his separate findings, notably those numbered 9 and 10, he attributes all this expense and loss of employment to the accident of January 9, 1952.

It is quite clear that these latter findings are inconsistent with the evidence and the judge's decision; there is no doubt but that the earlier August accident was a substantial cause of these losses, however much the later accident may have "aggravated" plaintiff's condition. Obviously the judge meant that the evidence did not admit of absolutely precise apportionment of consequences between the two accidents, and that the amount he granted—even if below the losses as claimed by plaintiff—represented the measure of division he thought appropriate. He has thus fully disclosed his state of mind developed on a full record of oral testimony. To press him now to compute values and total results beyond what he has stated would be to seek only an artificial gilding for his result which is surely fair to the plaintiff and perhaps even overgenerous on the evidence presented. But since the defendant has not appealed the award is not now subject to attack as excessive. We think the ends of justice will be better served by an affirmance than by a remand for reconstructed findings.

Affirmed.